FILED
2017 Sep-29 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "A"

ELECTRONICALLY FILED
7/21/2017 8:50 AM
01-CV-2017-902975.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>01<br>Date of Filing:<br>07/21/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CHRIS HOBSON v. LOWE'S HOME CENTERS, LLC

First Plaintiff:  ☐ Business  ☑ Individual     First Defendant:  ☑ Business  ☐ Individual
                  ☐ Government ☐ Other                            ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER
             R ☐ REMANDED           T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES  ☑ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** TOM025

Date: 7/21/2017 8:50:06 AM

/s/ Jennifer Whitworth
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES  ☑ NO  ☐ UNDECIDED

DOCUMENT 2
ELECTRONICALLY FILED
7/21/2017 8:50 AM
01-CV-2017-902975.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| CHRIS HOBSON, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| v. | ) |
| | ) |
| LOWE'S HOME CENTERS, LLC. | ) |
| a corporate entity, | ) |
| | ) |

FICTITIOUS DEFENDANT No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the premises in question in this lawsuit; FICTITIOUS DEFENDANT No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn or had a duty to issue and failed to issue and/or issued inadequate warnings or instructions, regarding the premises that was hazardous to Chris Hobson and other invitees to the establishment in question in this lawsuit; FICTITIOUS DEFENDANT No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the aisles and/or premises in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the premises in question and at issue in this lawsuit; FICTICIOUS DEFENDANT No. 4, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the establishment in question and at issue in this lawsuit; FICTITIOUS DEFENDANT No. 5, whether singular or plural, that entity or those entities who or which had the duty to properly stock items on its shelves or to warn customers of the danger of stocked items; FICTITIOUS DEFENDANT No. 6, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the premises in question and at issue in this lawsuit; FICTITIOUS DEFENDANT No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of the Plaintiff, Chris Hobson, while at the premises involved in the occurrence made the basis of this suit; FICTITIOUS DEFENDANT No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to the Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; FICTITIOUS DEFENDANT No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to the Plaintiff and which is at issue and the basis of this lawsuit; FICTITIOUS DEFENDANT No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; FICTITIOUS DEFENDANT No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; FICTITIOUS DEFENDANT No. 12, whether singular or plural, that entity or those

*Hobson v. Lowe's Home Stores, et al.*
*Complaint*
*Page 2 of 16*

entities which reinsured or provided excess coverage to the establishment in question and at issue in this lawsuit; FICTITIOUS DEFENDANT No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; FICTITIOUS DEFENDANT No. 14, being that person, firm, partnership or corporation who contracted with any named Defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; FICTITIOUS DEFENDANT No. 15, being that person, firm, partnership or corporation who owned, operated, and/or managed the premises causing the injuries to the Plaintiff as alleged in the complaint; FICTITIOUS DEFENDANT No. 16, being that person, firm, partnership or corporation who contracted to any named Defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; FICTITIOUS DEFENDANT No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; FICTITIOUS DEFENDANT No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining and operating the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to the Plaintiff, Chris Hobson, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendant are otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff at this time, their identities as proper party Defendant are not known to the Plaintiff at this time, but their true names will be substituted when ascertained.

)
**Defendants.**                                   )

## COMPLAINT

**COMES NOW**, the Plaintiff in the above-styled cause, and makes the following Complaint for his injuries and damages suffered as a result of a fall that occurred on or about July 30, 2015:

1. The Plaintiff, **CHRIS HOBSON** is of legal age and is a resident and citizen of Shelby County, Alabama.

2. The Defendant, **LOWE'S HOME STORES, LLC** is a foreign corporation, which actively conducts business in the State of Alabama and specifically in this case, operates its business at 375 State Farm Parkway, (Store #0580), Homewood, Jefferson County, Alabama (hereinafter referred to as "LOWE'S").

*Hobson v. Lowe's Home Stores, et al.*
Complaint
Page 3 of 16

3. Fictitious Party Defendant are described as follows: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the aisles and/or premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn or had a duty to issue and failed to issue and/or issued inadequate warnings or instructions, regarding the aisles and/or premises that was hazardous to **CHRIS HOBSON** and other invitees to the establishment in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the aisles and/or premises in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the aisles and/or premises in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the establishment in question and at issue in this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the aisle and/or premises in question and at issue in this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of the Plaintiff, **CHRIS HOBSON**, while at the premises involved in the occurrence made the basis of this suit; No. 7, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to the Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 8, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the aisle and/or premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to the Plaintiff and which is at issue and the basis of this lawsuit; No. 9, whether singular or plural,

*Hobson v. Lowe's Home Stores, et al.*
*Complaint*
*Page 4 of 16*

that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 10, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 11, whether singular or plural, that entity or those entities which reinsured or provided excess coverage to the establishment in question and at issue in this lawsuit; No. 12, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 13, being that person, firm, partnership or corporation who contracted with any named Defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 14, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to the Plaintiff as alleged in the complaint; No. 15, being that person, firm, partnership or corporation who contracted to any named Defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 16, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 17, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining and operating the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to the Plaintiff, **CHRIS HOBSON**, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendant are otherwise unknown to the Plaintiff at this time, or if their names

*Hobson v. Lowe's Home Stores, et al.*
*Complaint*
*Page 5 of 16*

are known to the Plaintiff at this time, their identities as proper party Defendant are not known to the Plaintiff at this time, but their true names will be substituted when ascertained.

4. On or about the times alleged and at some time prior thereto, the above Fictitiously described Party Defendants, whose identities are unknown, directly and proximately caused or contributed to the Plaintiff's injuries and damages hereinafter described, either through negligent or wanton conduct, breach of contract or any application of theories of liability hereinafter alleged.

5. On or about July 30, 2015, the Plaintiff, **CHRIS HOBSON**, was an invitee of **LOWE'S**. The Plaintiff was shopping in an aisle of the said place of business and while leaning over to get rope, a fork lift collided into carts the Plaintiff was standing next to. As a result, the carts struck the Plaintiff causing injuries.

6. The Defendants, **LOWE'S**, and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the Plaintiff, CHRIS **HOBSON**, to fall and suffer injuries and damages to his person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions. Defendants, **LOWE'S**, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in placing/setting/leaving the hazardous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard of not positioning the said fork lift in an appropriate area in order to prevent the fork lift from colliding into the carts that struck the Plaintiff.

7. As a proximate and direct result of the Defendants' wrongful conduct as specifically set forth hereinafter, the Plaintiff has been injured and damaged as follows:

(a.)  The Plaintiff suffered severe injuries to his person;

(b.)  The Plaintiff was caused to undergo medical treatment in and about an effort to cure and treat said injuries.

(c.)  The Plaintiff has incurred and will incur in the future substantial medical expenses in treatment of said injuries;

(d.)  The Plaintiff has been caused and will be caused to endure great pain and suffering;

(e.)  The Plaintiff has caused to suffer mental anguish; and

(f.)  All other damages to which the Plaintiff may be entitled.

(g.)  The Plaintiff avers that the Plaintiff is seeking a recovery of a monetary sum including interest and the costs of this action, which the plaintiff seeks to recover.

## COUNT I
### (Negligence)

8.  Plaintiff adopts and incorporates by reference all the foregoing language of this Complaint and further avers as follows:

9.  On or about July 30, 2015, the Defendant, **LOWE'S**, and one or more of the Fictitious Party Defendants listed and described hereinabove, owed a duty to their patrons to properly maintain its premises to be free and clear of potentially hazardous conditions. Defendant, **LOWE'S**, and one or more of the Fictitious Party Defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard by not properly positioning items or not warning their patrons of said hazardous condition

*Hobson v. Lowe's Home Stores, et al.*
*Complaint*
*Page 7 of 16*

that was situated in a dangerous area. Further, the Defendants, whether named herein or fictitiously described hereinabove, were negligent in failing to warn the Plaintiff of this dangerous condition that existed on its premises and was a hazard to their patrons or invitees. The Defendant, **LOWE'S**, and one or more of the Fictitious Party Defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the Plaintiff, **CHRIS HOBSON**, to suffer injuries in the aisle of its establishment.

10. As a proximate and direct result of the Defendants' wrongful conduct as specifically set forth hereinafter, the Plaintiff has been injured and damaged as follows:

(a.) The Plaintiff suffered severe injuries to his person;

(b.) The Plaintiff was caused to undergo medical treatment in and about an effort to cure and treat said injuries.

(c.) The Plaintiff has incurred and will incur in the future substantial medical expenses in treatment of said injuries;

(d.) The Plaintiff has been caused and will be caused to endure great pain and suffering;

(e.) The Plaintiff has caused to suffer mental anguish; and

(f.) All other damages to which the Plaintiff may be entitled.

(g.) The Plaintiff avers that the Plaintiff is seeking a recovery of a monetary sum including interest and the costs of this action, which the plaintiff seeks to recover.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, **CHRIS HOBSON**, demands judgment against the named Defendants, **LOWE'S**, including the Fictitious Party Defendants, individually and/or jointly, for a reasonable sum of money based upon the facts and

*Hobson v. Lowe's Home Stores, et al.*
*Complaint*
*Page 8 of 16*

circumstances of this particular matter, plus costs and interest, and such other and further relief to which she may be entitled.

## COUNT II
### (Recklessness and Wantonness)

11. Plaintiff adopts and incorporates by reference all the foregoing language of this Complaint and further avers as follows:

12. On or about July 30, 2015, the Defendants, **LOWES**, and one or more of the Fictitious Party Defendant listed and described hereinabove, owed a duty to their patrons to maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its patrons and invitees of the aforementioned conditions. Defendants, **LOWES**, and one or more of the Fictitious Party Defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and/or were negligent and/or wanton in affirmatively creating a hazard by not properly positioning items. Defendant, **LOWE'S**, and one or more of the Fictitious Party Defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the Plaintiff, **CHRIS HOBSON**, to suffer injuries in the aisle of its establishment.

13. On or about July 30, 2015, the Defendants, **LOWE'S**, and/or one or more of the fictitious party Defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be placed, or did place or to remain in a regularly used area of ingress and/or egress in a location that was dangerous and likely to cause injury to its patrons or invitees and did cause injury to the Plaintiff.

14. As a proximate and direct result of the Defendants' wrongful conduct as specifically set forth hereinafter, the Plaintiff has been injured and damaged as follows:

(a.) The Plaintiff suffered severe injuries to his person;

(b.) The Plaintiff was caused to undergo medical treatment in and about an effort to cure and treat said injuries.

(c.) The Plaintiff has incurred and will incur in the future substantial medical expenses in treatment of said injuries;

(d.) The Plaintiff has been caused and will be caused to endure great pain and suffering;

(e.) The Plaintiff has caused to suffer mental anguish; and

(f.) All other damages to which the Plaintiff may be entitled.

(g.) The Plaintiff avers that the Plaintiff is seeking a recovery of a monetary sum including interest and the costs of this action, which the plaintiff seeks to recover.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, CHRIS HOBSON, demands judgment against the named Defendant, **LOWE'S**, including the Fictitious Party Defendants, individually and/or jointly, for a reasonable sum of money based upon the facts and circumstances of this particular matter, plus costs and interest, and such other and further relief to which he may be entitled. Further, the Plaintiff, **CHRIS HOBSON**, seeks punitive damages to punish those exhibiting reckless and wanton conduct related to this incident.

## COUNT III
### (Premises Liability)

15. Plaintiff adopts and incorporates by reference all the foregoing language of this Complaint and further avers as follows:

16. On or about July 30, 2015, the Defendants, **LOWE'S**, and/or one or more of the Fictitious Party Defendant listed and described hereinabove, negligently, recklessly and/or

*Hobson v. Lowe's Home Stores, et al.*
*Complaint*
*Page 10 of 16*

wantonly caused or allowed the Plaintiff to fall upon its premises as a result of its failure to properly position items in its store.

17. On or about July 30, 2015, the Defendants, **LOWE'S**, and/or one or more of the Fictitious Party Defendants listed and described in the caption hereinabove, were the owners or lessees of the property and/or premises and as such had a duty and responsibility to provide the Plaintiff a safe and hazard-free environment. Further, if any defects in their owned or leased premises existed, **LOWE'S**, and/or one or more of the Fictitious Party Defendants as listed and described hereinabove had the duty to warn its patrons or invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees. Said Defendant negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide the Plaintiff with a safe and hazard-free environment, failing to store equipment properly ; whether singular or plural, that entity or those entities who or which had the duty to properly store or position equipment or to warn customers of the danger of the said equipment; and failing to warn him of the hazard and/or defect which he encountered which was known to them or which they negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a direct and proximate cause of Plaintiff's injuries and damages.

18. On or about July 30, 2015, the Defendants, **LOWE'S**, and/or one or more of the Fictitious Party Defendants listed and described hereinabove, were owners or lessees of the property at issue and, as such, said Defendant had the right to and did control the conditions, methods and manner in which the aisle and/or premises was inspected, maintained and configured, and the cleaning materials, methods and schedule for cleaning, inspecting and maintaining said aisle and/or premises and for establishing patterns and routes for its patrons

*Hobson v. Lowe's Home Stores, et al.*
*Complaint*
*Page 11 of 16*

and/or invitees to ingress and/or egress the establishment and about said premises at the time and place of the occurrence made the basis of Plaintiff's complaint, and negligently and/or wantonly caused or allowed the Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendant owed to the Plaintiff in causing or allowing the aisle upon which the Plaintiff fell to be hazardous either in and of itself or in conjunction with the improper stocking of its shelving. Said Defendant negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the premises was maintained and presented to the patrons or invitees for their use of the establishment and said negligent, wanton, reckless and/or willful conduct was a direct and proximate cause of Plaintiff's injuries and damages.

19. Plaintiff avers that the Defendants, whether named herein or fictitiously described in the caption hereinabove, negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to the Plaintiff. The Defendant, **LOWES**, and/or one or more of the Fictitious Party Defendants listed and described in the caption hereinabove, negligently, wantonly, recklessly and/or willfully improperly positioned and stored the equipment, which caused a fork lift to collide into carts causing the carts to collide and injure the said Plaintiff and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition.

20. At the aforesaid time and place, the Defendant, **LOWE'S**, and/or one or more of the Fictitious Party Defendants listed and described in the caption hereinabove, did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

*Hobson v. Lowe's Home Stores, et al.*
Complaint
Page 12 of 16

21. On or about July 30, 2015, the Defendant, **LOWE'S**, and/or one or more of the Fictitious Party Defendants listed and described in the caption hereinafter, negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a direct and proximate cause of Plaintiff's injuries as described herein.

22. Plaintiff alleges that the injuries and damages were caused as a direct and proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of the Defendant, **LOWE'S**, and/or one or more of the Fictitious Party Defendants listed and described hereinabove.

23. The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendant, including the Fictitious Party Defendants, combined and concurred, and as a direct and proximate cause thereof, the Plaintiff was caused to be injured.

24. As a proximate and direct result of the Defendants' wrongful conduct as specifically set forth herein, the Plaintiff has been injured and damaged as follows:

   (a.) The Plaintiff suffered severe injuries to his person;

   (b.) The Plaintiff was caused to undergo medical treatment in and about an effort to cure and treat said injuries.

   (c.) The Plaintiff has incurred and will incur in the future substantial medical expenses in treatment of said injuries;

   (d.) The Plaintiff has been caused and will be caused to endure great pain and suffering;

   (e.) The Plaintiff has caused to suffer mental anguish; and

*Hobson v. Lowe's Home Stores, et al.*
*Complaint*
*Page 13 of 16*

 (f.) All other damages to which the Plaintiff may be entitled.

 (g.) The Plaintiff avers that the Plaintiff is seeking a recovery of a monetary sum including interest and the costs of this action, which the plaintiff seeks to recover.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, **CHRIS HOBSON**, demands judgment against the named Defendants, including the Fictitious Party Defendants, individually and/or jointly, for a reasonable sum of money based upon the facts and circumstances of this particular matter, plus costs and interest, and such other and further relief to which she may be entitled. Further, the Plaintiff, **CHRIS HOBSON**, seeks punitive damages to punish those exhibiting reckless and wanton conduct related to this incident.

## COUNT IV
### (Negligent, Reckless and Wanton Supervision in Training)

25. Plaintiff adopts and incorporates by reference all the foregoing language of this Complaint and further avers as follows:

26. On or about July 30, 2015, the Defendant, **LOWE'S**, and/or one or more of the Fictitious Party Defendants listed and described hereinabove, were under an obligation and duty to train employees of Defendant **LOWE'S**, and/or one or more of the Fictitious Party Defendants and other employees to ensure there are no hazards present so as not to cause any unreasonable dangers for patrons of the establishment.

27. On or about July 30, 2015, the Defendant, **LOWE'S**, and/or one or more of the Fictitious Party Defendants listed and described hereinabove, were under an obligation and duty to train and supervise store employees to properly inspect the commercial areas or areas

*Hobson v. Lowe's Home Stores, et al.*
*Complaint*
*Page 14 of 16*

accessible to their patrons or invitees so that there are no dangerous conditions to their patrons or invitees.

28. On or about July 30, 2015, the Defendants, **LOWE'S** and/or one or more of the Fictitious Party Defendant listed and described hereinabove, negligently, wantonly and recklessly failed to train employees to properly position and store its equipment, provide service to its customers, and inspect and to keep the establishment's travel area of ingress and/or egress free and clear of dangerous conditions. The Defendants' failure to properly train its employees directly resulted in the Plaintiff's injuries as described herein.

29. As a proximate and direct result of the Defendants' wrongful conduct as specifically set forth hereinafter, the Plaintiff has been injured and damaged as follows:

  (a.) The Plaintiff suffered severe injuries to his person;

  (b.) The Plaintiff was caused to undergo medical treatment in and about an effort to cure and treat said injuries.

  (c.) The Plaintiff has incurred and will incur in the future substantial medical expenses in treatment of said injuries;

  (d.) The Plaintiff has been caused and will be caused to endure great pain and suffering;

  (e.) The Plaintiff has caused to suffer mental anguish; and

  (f.) All other damages to which the Plaintiff may be entitled.

  (g.) The Plaintiff avers that the Plaintiff is seeking a recovery of a monetary sum including interest and the costs of this action, which the plaintiff seeks to recover.

*Hobson v. Lowe's Home Stores, et al.*
*Complaint*
*Page 15 of 16*

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, **CHRIS HOBSON**, demands judgment against the named Defendants, including the Fictitious Party Defendants, individually and/or jointly, for a reasonable sum of money based upon the facts and circumstances of this particular matter, plus costs and interest, and such other and further relief to which she may be entitled. Further, the Plaintiff, **CHRIS HOBSON**, seeks punitive damages to punish those exhibiting reckless and wanton conduct related to this incident.

*Respectfully Submitted this the 21st day of July, 2017.*

/s/Jennifer Whitworth
**JENNIFER WHITWORTH (TOM025)**

/s/ Steven M. Mezrano
**STEVEN M. MEZRANO (MEZ002)**
Attorneys for Plaintiff

**OF COUNSEL:**
The Mezrano Law Firm, P.C.
1801 Oxmoor Road
Homewood, Alabama 35209
P (205) 206-6300
F (205) 206-6301
steven@mezrano.com
jennifer@mezrano.com

**PLAINTIFF'S ADDRESS**:
Chris Hobson
c/o The Mezrano Law Firm, P.C.
1801 Oxmoor Road Suite 100
Homewood, Alabama 35209

*Hobson v. Lowe's Home Stores, et al.*
**Complaint**
Page 16 of 16

## PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:

Lowe's Home Centers, LLC
C/O Corporation Service Company, Inc., RA
641 South Lawrence Street
Montgomery, AL 36104